**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Lazzell,<br><br>                     Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>                     Defendant. | No. CV-10-1659-PHX-DGC<br><br>**ORDER** |

Plaintiff suffers from back and other injuries sustained in a motorcycle accident. He also has diabetes and is morbidly obese. He applied for disability benefits and supplemental security income in March 2007, claiming to be disabled since February 21, 2007. Doc. 11, Tr. 109-22. The application was denied. Tr. 63-70, 78-84. A hearing before an Administrative Law Judge (ALJ) was held on June 25, 2009. Tr. 35-58. The ALJ issued a written decision on September 11, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 23-34. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3.

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. For reasons that follow, the Court will reverse Defendant's decision and remand for an award of benefits.[1]

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed (Docs. 16, 22, 25) and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.      Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.     Discussion.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he has not worked since the alleged disability onset date, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920.

Plaintiff has met his burden. He has not worked since February 21, 2007. Tr. 25, ¶ 2. He has multiple severe impairments: status post motorcycle accident, subdural hematoma, cervical disc bulging with possible fracture, lumbar and thoracic degenerative disc disease, diabetes mellitus, morbid obesity, sensorineural hearing loss, right knee degenerative joint disorder, and right shoulder dislocation. Tr. 25, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 27, ¶ 4), they do preclude Plaintiff from performing his past work as a truck driver (Tr. 32, ¶ 6). At step five, the ALJ concluded that Plaintiff is not disabled because he has the RFC to perform light work with certain limitations. Tr. 27-34, ¶¶ 5, 9-11.

Plaintiff contends that the ALJ erred in three respects: rejecting the opinions of treating physicians, adopting the assessment of the non-examining doctor, and finding

Plaintiff's symptom testimony not credible. Docs. 16, 25. Defendant contends that the ALJ did not err and her decision is supported by substantial evidence. Doc. 22. The Court concludes that the ALJ committed reversible error in rejecting the opinions of Dr. Mathew Benjamin.

Dr. Benjamin has treated Plaintiff since before the motorcycle accident. *See* Tr. 347-76, 541-90. On June 23, 2009, Dr. Benjamin completed a pain functional capacity questionnaire and a medical assessment of Plaintiff's ability to do work-related activities. Tr. 899-903. He opined that Plaintiff experiences moderately severe pain, that the pain results from movement and being in a static position, and that the pain is severe enough to frequently interfere with Plaintiff's attention, concentration, pace, and ability to complete tasks in a timely manner. Tr. 899-900. With respect to Plaintiff's ability to do work-related activities, Dr. Benjamin opined, among other things, that Plaintiff can sit, stand, and walk less than 2 hours in an 8-hour workday and must alternate positions every half hour. Tr. 901-02. Those opinions were based on Dr. Benjamin's own diagnoses and objective clinical and diagnostic findings documented elsewhere in the medical records. Tr. 899, 901.

As Plaintiff's treating physician, Dr. Benjamin is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). His opinions regarding the severity of Plaintiff's pain and impairments are therefore entitled to "special weight," and if the ALJ chooses to disregard them, she must, at a minimum, "'set forth specific, legitimate reasons for doing so, and this decision itself must be supported by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)); *see Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The ALJ (Tr. 32) rejected Dr. Benjamin's opinions on the ground that they are "inconsistent" with other records of the doctor indicating that Plaintiff is "totally disabled" (Tr. 543), "permanently disabled" (Tr. 878), and unable to perform "any

occupation" (Tr. 600).  Plaintiff argues, correctly, that the opinions rendered by Dr. Benjamin on June 23, 2009 (Tr. 899-903) are entirely consistent with his other opinions that Plaintiff is disabled.  The ALJ's error in this regard is harmless, Defendant asserts, because she provided other legally valid reasons for rejecting Dr. Benjamin's opinion.  Doc. 22 at 11 n.8.  The Court does not agree.

The only other reason the ALJ gave for rejecting Dr. Benjamin's opinions is that they are "not consistent with the weight of the evidence of record."  Tr. 32.  This Circuit has made clear that "conclusory reasons will not justify an ALJ's rejection of a medical opinion[.]"  *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294 F.3d 1294, 1299 (9th Cir. 1999).  To say that a medical opinion is against the weight of the evidence "does not achieve the level of specificity [Ninth Circuit] cases have required[.]"  *Embrey*, 849 F.2d at 421-22.

To properly reject Dr. Benjamin's opinions about Plaintiff's pain and work-related abilities, the ALJ must do more than offer her own conclusions.  She must set forth her own "interpretations and explain why they, rather than [the treating physician's], are correct."  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  The ALJ has failed to provide the requisite "detailed, reasoned, and legitimate rationales for disregarding [Dr. Benjamin's] findings."  *Embrey*, 849 F.2d at 422.  Her rejection of his opinions was clearly erroneous.

Defendant asserts that because the ALJ found Plaintiff's symptom testimony to be not entirely credible, it was reasonable for the ALJ to also reject Dr. Benjamin's opinions.  Doc. 22 at 13.  But the ALJ, not this Court, is required to provide specific reasons for rejecting medical opinions.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).  Indeed, the Court "cannot affirm the decision of [the ALJ] on a ground that the [ALJ] did not invoke in making [her] decision."  *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

### III.  Remedy.

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court.  42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000).  This Circuit has held that an action should be remanded for an award of benefits where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true.  *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

After applying the credit-as-true rule to improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits.  The impartial vocational expert testified that the pain and functional limitations found by Dr. Benjamin, if adopted, would preclude sustained work.  Tr. 57.  Defendant does not disagree with this conclusion.  *See* Doc. 22 at 11 n.8.  Because it is clear that the ALJ would be required to find Plaintiff disabled, *see Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004), the Court will remand the case for an award of benefits.  *See Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007) (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted).  Given this ruling, the Court need not address Plaintiff's arguments that the ALJ failed to properly evaluate his credibility and erred in adopting the assessment of the non-examining doctor.

Defendant claims that a remand for further development of the record is in order.  Doc. 22 at 19.  Plaintiff applied for disability benefits more than four years ago.  He has been denied at the initial, reconsideration, hearing, and appellate levels of the administration.  Plaintiff specifically argued before the Appeals Council that that ALJ had erroneously rejected the opinions of Dr. Benjamin (Tr. 10-12), but his request for review was denied (Tr. 1-3).  A remand for further proceedings is not warranted.  *See*

*D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007).

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.
2. The case is **remanded** to Defendant for an award of benefits.
3. The Clerk is directed to enter judgment accordingly.

Dated this 30th day of June, 2011.

_____
David G. Campbell
United States District Judge