1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Matthew Lazzell,                        No. CV10-1659-PHX-DGC

10                        Plaintiff,          **ORDER**

11   vs.

12   Michael J. Astrue, Commissioner of Social
     Security,

13                        Defendant.

14

15           An administrative law judge ("ALJ") denied Plaintiff's application for

16   supplemental security income, finding Plaintiff not disabled within the meaning of the

17   Social Security Act.  Tr. 23-34.  This decision became Defendant's final decision when

18   the Appeals Council denied review.  Tr. 1-3.  Plaintiff then brought an action for judicial

19   review pursuant to 42 U.S.C. § 405(g).  Doc. 1.  The Court reversed Defendant's decision

20   and remanded for an award of benefits.  Doc. 26.

21           Plaintiff has filed a motion for attorneys' fees pursuant to the Equal Access to

22   Justice Act ("EAJA"), 28 U.S.C. § 2412.   Doc. 28.   The motion is fully briefed.

23   Docs. 28-31, 34.  Neither party has requested oral argument.  For the reasons that follow,

24   the Court will grant the motion and award Plaintiff fees in the amount of $5,140.98.

25           The EAJA "authorizes federal courts to award attorneys' fees, court costs, and

26   other expenses when a party prevails against the United States, although fee-shifting is

27   not mandatory."  *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010).  Plaintiff is a

28

prevailing party because the Court remanded for an award of benefits.  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).   The Court should award reasonable attorneys' fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Defendant does not contend that an award of fees in this case would be unjust. Instead, Defendant argues that denial of benefits was "substantially justified."  Doc. 31, at 1.  To determine if the Commissioner's position was substantially justified, the Court must focus on the reasonableness of that position in this court and consider any procedural issues that led to remand.  *See Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002); *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995); *Hardisty*, 592 F.3d 1072, 1079 (declining to extend the EAJA to require review of issues raised by the plaintiff but not addressed by the district court).  To meet the "substantially justified" standard, Defendant's position need not be "justified to a high degree."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Rather, it need only be "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person."  *Id.*

Here, the ALJ committed a fundamental procedural error by improperly rejecting the opinion of Plaintiff's treating physician, Dr. Benjamin, without setting forth "specific, legitimate reasons for doing so."   Doc. 26, at 3-4 (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)).  The only reason the ALJ gave for rejecting Dr. Benjamin's opinions was that they were "not consistent with the weight of the evidence record."  Tr. 32.  This Circuit has made clear that "conclusory reasons will not justify an ALJ's rejection of a medical opinion" and that the ALJ must set forth its own "interpretations and explain why they, rather than [the treating physician's], are correct."  Doc. 26, at 4 (quoting *Regennitter v. Comm'r of Soc. Sec. Admin.*, 116 F.3d 1294, 1299 (9th Cir. 1999); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)). The Court found the ALJ's actions to be "clearly erroneous."   Doc. 26, at 4.   "It follows *a fortiori* the government's defense of the ALJ's procedural errors was not substantially justified . . . ."

1    *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008).

2        The EAJA provides for an upward adjustment of the $125 per hour rate contained

3    in the statute, based on cost-of-living increases.    28 U.S.C. § 2412(d)(2)(A); *see*

4    *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).    Defendant does not

5    dispute Plaintiff's submitted hourly rate of $175.06 for the 18.6 hours of work performed

6    in 2010 or an hourly rate of $179.51 for the 10.5 hours of work performed in 2011.

7    Doc. 31, at 14-15; Doc. 30-1, at 2.

8        In addition to the cost-of-living adjustment, Plaintiff asks for a fee enhancement.

9    The EAJA allows upward adjustments of the hourly rate for special factors, including

10   "the limited availability of qualified attorneys for the proceedings involved . . . ."

11   28 U.S.C. § 2412(d)(2)(A).  The Ninth Circuit has established a test to determine whether

12   enhanced hourly rates may be awarded based on this special factor.  "Enhanced hourly

13   rates based on the special factor of the limited availability of qualified attorneys for the

14   proceedings involved may be awarded under EAJA where the attorneys possess

15   'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in

16   question' and 'not available elsewhere at the statutory rate.'"  *Nadarajah v. Holder*,

17   569 F.3d 906, 912 (9th Cir. 2009) (internal citations omitted).

18       Plaintiff has failed to meet his burden of establishing entitlement to higher fees.

19   *See Natural Res. Def. Council Inc. v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008).

20   Plaintiff advances the following reasons for a fee enhancement: "Plaintiff's attorney's

21   work on this case was completed in a timely and efficient manner, requiring substantially

22   less time than required by less experienced practitioners in Social Security cases";

23   "Plaintiff's attorney brought considerable experience to bear in efforts to advance

24   Plaintiff's case"; and "Plaintiff's counsel faced daunting odds."  Doc. 29, at 7, 10.  These

25   reasons are insufficient.  Plaintiff cites *Pirus v. Bowen*, 869 F.2d 536 (9th Cir. 1989), as

26   an instance where the Ninth Circuit awarded enhanced EAJA fees.  Doc. 29, at 9, n.11.

27   *Pirus* is distinguishable because it involved a class action challenging provisions of the

28   Social Security Act, whereas the present case is a routine social security disability case.

- 3 -

Other Courts of Appeals have held that routine disability law is not a specialized area warranting an enhanced rate. *See, e.g.*, *Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) (holding "that the area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment in excess of the [statutory] rate"); *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (reversing enhancement for an attorney's expertise in a "straightforward social security disability case that did not involve particularly difficult or complex issues"); *Harris v. Railroad Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1990) (holding that "a Social Security specialist does not solely by virtue of that expertise fall under the 'special factor' exception"). Furthermore, the Supreme Court has specifically rejected "work and ability of counsel" and "the results obtained" as reasons for fee enhancement, noting that "they are little more than routine reasons why market rates are what they are." *Underwood*, 487 U.S. at 573; *see also Natural Res. Def. Council*, 543 F.3d at 1160 ("'Producing high-quality work on a short deadline hardly satisfies th[e] standard' in *Pierce* of 'work requiring specialized skills or knowledge beyond what lawyers use on a regular basis.'") (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004)). In sum, Plaintiff has not met his burden of showing that his attorney's distinctive knowledge and specialized skill were needful to the litigation, and a fee enhancement on this basis is not warranted.

The fee agreement between Plaintiff and Plaintiff's counsel provides that any EAJA fees are assigned to the counsel. Doc. 29-1, at 1. Defendant does not oppose Plaintiff's request that the fees be mailed to Plaintiff's counsel's office (Doc. 29, at 11), but does oppose Plaintiff's proposed order (Doc. 28-1) stating that any fee award "is assigned to Plaintiff's counsel." Doc. 31, at 12. The Court agrees with Defendant that such an assignment would violate 31 U.S.C. § 3727, which provides that a transfer or assignment of any part of a claim against the United States Government "may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses." 31 U.S.C. § 3727(b). Plaintiff's

assignment was executed on August 17, 2010, well before any EAJA claim was allowed or the amount decided.  The Court will not order that the fees be assigned to Plaintiff's counsel.

**IT IS ORDERED:**

1.      Plaintiff's motion for attorneys' fees (Doc. 28) is **granted**.

2.      Plaintiff is awarded **$5,140.98** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 30th day of November, 2011.

David G. Campbell
United States District Judge